# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RAISHA VAIDYA, in her capacity as Representative Payee, Fiduciary & Sister of Rehana Vaidya, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 22-11208-LTS |
| DR. KILOLO KIJAKAZI, M. KILLEEN, M. PETERSON, M. RUIZ, M. KAHN and other Unknown Named Officials & Employees of United States Social Security Administration Office of Central Operations, Payment Processing Center & Field Offices, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

**SOROKIN, D.J.**

Pro se plaintiff Raisha Vaidya's ("Vaidya") motion to proceed in forma pauperis (ECF No. 9) and motion for reconsideration of request for appointment of the United States Marshal Service to serve process (ECF No. 10) are each <u>DENIED</u> without prejudice.

Vaidya is a retired Massachusetts attorney (<u>not</u> an attorney admitted to the bar of this Court) claiming in part to be acting on behalf of Rehana Vaidya as her "representative payee, fiduciary [and] sister," in what appears to be, for the most part, an unexhausted benefits dispute between Vaidya's sister and the Social Security Administration.[1]  "Although 28 U.S.C. § 1654 permits

---

[1] According to the Massachusetts Board of Bar Overseers website, Vaidya is a retired attorney. https://www.massbbo.org/s/attorney-lookup (last visited September 21, 2022).  A review of this Court's records reveals that she is not a member of the bar of the United States District Court for the District of Massachusetts.  To be completely transparent, although Vaidya makes some vague claims about the constitutionality of federal laws and regulations with respect to her sister's

persons to proceed pro se, this provision does not allow unlicensed lay people [non-attorneys] to represent . . .any other individuals."[2] *Pineda v. Dep't of Children & Families*, No. CV 16-12229-WGY, 2016 WL 6661143, at *2 (D. Mass. Nov. 9, 2016) (citing *Feliciano v. DuBois*, 846 F.Supp. 1033, 1039 (D.Mass.1994)); *see also* Local Rule 83.5.5(b) ("An individual appearing pro se may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf.").  "The rule even bars a non-lawyer parent from representing his or her child." *Hootstein v. Amherst-Pelham Regl. Sch. Comm.*, 361 F. Supp. 3d 94, 101 (D. Mass. 2019).  Just as a custodial grandparent was not permitted to represent a minor in *Hootstein*, Vaidya cannot represent her non-minor sister in this action.  While it is laudable that Vaidya wishes to assist her sister, she cannot act as her legal advocate here based upon her status as a representative payee, fiduciary and sister.[3]

At this stage, to the extent that Vaidya intends to proceed as to her own claims only, if any, she must complete service within the deadlines established pursuant to Fed. R. Civ. P. 4(m).  To the extent that Vaidya's sister intends to proceed in this action, the parties must file an amended complaint.  Accordingly, it is **FURTHER ORDERED** pursuant to Local Rule 1.3 (sanctions for failure to comply with the Local Rules), 83.5.2(a) (appearances by counsel), and 83.5.5(a) (pro se

---

benefits claims, the Court observes that there is no allegation that Vaidya and her sister have exhausted their administrative remedies with respect to her benefits dispute. Typically, absent judicial waiver or a waiver from the Social Security Administration an aggrieved party must first ordinarily proceed through the administrative process set up by the Social Security Administration before this Court may exercise jurisdiction. *Justiniano v. Soc. Sec. Administration*, 876 F.3d 14, 23 (1st Cir. 2017).  Although the Court takes no position on the matter at this point, it appears that Vaidya may be attempting to pursue unexhausted claims.

[2] 28 U.S.C. § 1654 provides:"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

[3] Even if Vaidya has claims on her own behalf, which is not clear here and a point on which this Court takes no position, she has made no showing of indigency.

party may represent self), (b) (non-representation of parties by non-lawyers) and (d) (pro se parties'

requirement to comply with Local Rules), that: (1) to the extent that Rehana Vaidya seeks to

proceed in this action she shall by **November 1, 2022**, either pro se or in conjunction with an

appearance of counsel, file an amended complaint that adds her as a plaintiff; and (2) to the extent

that Raisha Vaidya seeks to assert claims belonging to her in any capacity, if any, those claims

must be set forth separately in the amended complaint, otherwise the action will proceed only with

respect to Raisha Vaidya with respect to claims that pertain to her, if any.[4]  The amended complaint

must be signed by pro se parties or their appearing counsel. See Fed. R. Civ. P. 11(a).  Although

the $402 filing and administrative fee has been paid, to the extent any party seeks to proceed in

forma pauperis they must each apply separately pursuant to 28 U.S.C. § 1915.

**So Ordered.**

                                 /s/ Leo T. Sorokin

 Dated: October 4, 2022                     UNITED STATES DISTRICT JUDGE

---

[4] The Court does not take a position as to the sufficiency of the complaint at this time.